[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2005
THOMAS K. KAHN
CLERK

No. 04-14608
Non-Argument Calendar

_____

D.C. Docket No. 04-00052-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COURTNEY ANTHONY GORDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 21, 2005)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Courtney Anthony Gordon appeals his sentence imposed after pleading guilty to prohibited transactions involving firearms, in violation of 18 U.S.C § 924(a)(1)(A). Gordon asserts the district court erred in sentencing him under a mandatory Guidelines system, in violation of *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm Gordon's sentence.

## I. DISCUSSION

Because Gordon raised a *Blakely v. Washington*, 124 S. Ct. 2531 (2004), objection in the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional, error based upon sentencing enhancements, imposed under a mandatory Guidelines system, neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

A.     *Constitutional Error*

There is no Sixth Amendment error under *Booker* where the defendant has admitted to facts later used by the district court to enhance a sentence. *Id.* at 1330. The district court committed no Sixth Amendment error because Gordon explicitly

2

did not object at sentencing to the court's findings regarding the number of firearms he purchased. *See id.* (concluding sentence enhancement based on drug quantity did not violate *Booker* where the defendant did not dispute the facts in the PSI). In fact, when discussing at sentencing the number of firearms Gordon purchased, Gordon's counsel explicitly stated he was not objecting to the number of guns for which the PSI and the court determined Gordon was responsible. Thus, the court's determination of the number of firearms Gordon purchased did not result in a Sixth Amendment violation under *Booker*.

B.      *Statutory Error*

Even in the absence of a Sixth Amendment violation, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system. *Id.* at 1330–31. The district court sentenced Gordon under a mandatory Guidelines system, thus statutory error exists. *See id.* "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *United States v. Mathenia*, 11th Cir., 2005, __ F.3d __ (No. 04-15250, May 23, 2005) (internal

3

quotation marks and brackets omitted). The Government has the burden of showing the error was harmless. *Id.*

During sentencing, the district court referred to its belief of the mandatory nature of the Guidelines by stating: "I do think I am required to give you a [G]uideline sentence." Following sentencing, however, the district court, in its order denying Gordon's motion for emergency bond, explicitly stated it: "would not impose a lower sentence, even given an opportunity to do so following a remand precipitated by *Booker*." Viewing the proceedings in their entirety, the court's later statement shows "with fair assurance that the sentence was not substantially swayed by the error." Accordingly, the Government has met its burden of showing the *Booker* statutory error of sentencing Gordon under a mandatory Guidelines scheme was harmless.

## II. CONCLUSION

There was no *Booker* constitutional error because Gordon admitted the facts used in imposing his sentence. Additionally, the Government has met its burden of showing the *Booker* statutory error of sentencing Gordon under a mandatory Guidelines scheme was harmless.

**AFFIRMED.**

4